UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RAFAEL SIERRA-BAEZ,** | Civil Action No. 23-3301 (KMW) |
| Petitioner, | |
| v. | **MEMORANDUM ORDER** |
| **WARDEN, FCI FORT DIX,** | |
| Respondent. | |

This matter comes before the Court on Petitioner Rafael Sierra-Baez's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Following an order to answer, the Government filed a response to the petition (ECF No. 5). By way of background, in his petition, Petitioner sought to be declared eligible for and to ultimately receive good time credits under the First Step Act. (ECF No. 1.)

In its response to Petitioner's habeas petition, the Government filed a letter in which it informs the Court that Petitioner has been declared eligible for First Step Act credits and has been awarded 45 days of credit thus far, the total number of credits he has earned under the Act. (ECF No. 5 at 1-2.) As such, the Government contends that this matter has become moot as Petitioner has received the relief he sought and no longer has a concrete injury sufficient to continue with this matter. (*Id.*)

Under Article III of the Constitution, federal courts will only have jurisdiction over a matter where there is a live case or controversy to be resolved. *See, e.g., Spencer v. Kemna,* 523 U.S. 1, 7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings [and for jurisdiction to exist the] parties must continue to have a 'personal stake in the outcome of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477-78

1

(1990)). Thus, where events provide a petitioner with the relief he sought and render a habeas petition incapable of providing meaningful relief, that petition must be dismissed as moot. *See, e..g., Rodney v. Mukasey*, 340 F. App'x 761, 764 (3d Cir. 2009); *Nunes v. Decker*, 480 F. App'x 173, 175 (3d Cir. 2012); *Sanchez v. Att'y Gen.*, 146 F. App'x 547, 549 (3d Cir. 2005).

In this matter, Petitioner sought only to be made eligible for and to receive credits under the First Step Act. The documents and certifications the Government has provided (ECF No. 5-1) clearly show that Petitioner has now been declared eligible for those credits and has received the number of credits he has earned thus far. As Petitioner has now received the ultimate relief he sought, this Court no longer has any meaningful opportunity to provide Petitioner with relief. His petition is therefore moot, and shall be dismissed as such.

**IT IS THEREFORE** on this 18th day of August, 2023,

**ORDERED** that Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** as moot; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon the Government electronically and upon Petitioner by regular mail, and shall **CLOSE** the file.

Hon. Karen M. Williams,
United States District Judge